E-FILED
Friday, 04 August, 2006  12:45:13 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30013 |
| | ) | |
| JOSE JESUS CASACA-SANTOS and | ) | |
| SAMUEL SILVA-SANCHEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on July 31, 2006, for sentencing of Defendants Samuel Silva-Sanchez and Jose Jesus Casaca-Santos.  Silva-Sanchez was present in person and through his counsel, Assistant United States Public Defender Douglas Beevers.  Casaca-Santos was present in person and through his counsel, Douglas Quivey.  The Government was present through Assistant United States Attorney John Childress.  On March 30, 2006, this Court accepted Silva-Sanchez's open plea of guilty to Count 1 of the Indictment (d/e 7) which charged him with transporting illegal aliens in violation of 8 U.S.C. § 1324.  The same day, the Court

accepted Casaca-Santos' open pleas of guilty to transporting illegal aliens in violation of 8 U.S.C. § 1324 (Count 1) and reentering the United States illegally after deportation in violation of 8 U.S.C. § 1326(a) & (b)(1) (Count 2).  The matter proceeded to sentencing.

The Court has received a Revised Presentence Report for Defendant Silva-Sanchez (Silva-Sanchez PSR), dated July 13, 2006, and a Revised Presentence Report for Defendant Casaca-Santos (Casaca-Santos PSR), dated June 28, 2006, prepared by the United States Probation Office.  Both Defendants objected to the imposition of an enhancement under U.S.S.G. § 2L1.1(b)(5) for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person.  None of the parties presented evidence on this objection.  After hearing arguments, the Court overruled the common objections, for reasons stated of record, and determined that a § 2L1.1(b)(5) enhancement was proper for each Defendant, given the combined factors including the time of year, the number of people lying in the back of a covered pick-up truck for a long duration, and the lack of stops which forced the passengers to urinate in a jug and the risks inherent in such circumstances.

Defendant Silva-Sanchez also objected to the imposition of a two-

level enhancement under U.S.S.G. § 3B1.1(c) based on his role in the offense. Silva-Sanchez called his co-Defendant Casaca-Santos and Special Agent Kutz of U.S. Immigration and Customs Enforcement to testify. The Government presented no evidence on the objection. After considering the evidence and the argument, the Court overruled Silva-Sanchez's objection. The Court found that the minimum two-level § 3B1.1(c) enhancement was proper because, based on the evidence presented, Silva-Sanchez orchestrated and supervised the trip itself and directed Casaca-Santos as to what to say if stopped. Defendant Silva-Sanchez's remaining objection would not alter the Guideline range. Thus, the Court accepted the PSRs as written and adopted their findings.

Silva-Sanchez was assigned a base offense level of 12 pursuant to U.S.S.G. § 2L1.1(a)(2). Silva-Sanchez received a three-level increase in offense level under U.S.S.G. § 2L1.1(b)(2)(A) based on the finding that he transported 11 illegal aliens. Silva-Sanchez's offense level was increased to 18 pursuant to U.S.S.G. § 2L1.1(b)(5) because the Court found that he recklessly created a substantial risk of serious bodily injury to another person. Silva-Sanchez received a two-level increase under § 3B1.1(c) as discussed above. He received a three-level reduction for acceptance of

responsibility.   U.S.S.G. § 3E1.1.   Accordingly, Silva-Sanchez's final criminal offense level was 17.   Silva-Sanchez had zero criminal history points, placing him in Category I.   An offense level of 17 and criminal history Category I resulted in a U.S.S.G. sentencing range of 24 to 30 months imprisonment in Zone D of the Guideline range.[1]

Defendant Casaca-Santos pled guilty to two counts, which were not grouped under the Guidelines.   See U.S.S.G. § 3D1.2.   With respect to Count 1, Casaca-Santos was assigned a base offense level of 12 pursuant to U.S.S.G. § 2L1.1(a)(2).   He received a three-level increase in offense level under U.S.S.G. § 2L1.1(b)(2)(A) based on the finding that he transported 11 illegal aliens.   Casaca-Santos' offense level was increased to 18 pursuant to U.S.S.G. § 2L1.1(b)(5) because the Court found that he recklessly created a substantial risk of serious bodily injury to another person, resulting in a total offense level of 18 for Count 1.   Turning to Count 2, Casaca-Santos had a base offense level of 8.   U.S.S.G. § 2L1.2(a).   He received a four-level enhancement under § 2L1.2(b)(1)(D) based on the fact that he was previously deported after a felony conviction, resulting in a total

---

[1]The Court noted that the U.S.S.G. are advisory, pursuant to United States v. Booker, 125 S. Ct. 738 (2005).

offense level of 12 for Count 2.  Given these findings, Casaca-Santos had a combined adjusted offense level of 19, after the addition of one offense level to the higher group, due to 1½ units being involved.  He received a three-level reduction for acceptance of responsibility.  <u>U.S.S.G.</u> § 3E1.1. Accordingly, Casaca-Santos' final criminal offense level was 16.  Casaca-Santos had seven criminal history points, placing him in Category IV.  An offense level of 16 and criminal history Category IV resulted in a U.S.S.G. sentencing range of 33 to 41 months imprisonment in Zone D of the Guideline range.

THEREFORE, after considering the case file, including Casaca-Santos' Sentencing Commentary (d/e 10), the PSRs, the statements of counsel, the evidence submitted, the Defendants' own statements, the applicable sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendants as follows: Silva-Sanchez was sentenced to 24 months imprisonment.  The Court recommended that Silva-Sanchez be housed as close to Charlotte, North Carolina, as possible. He was ordered to pay a $100 special assessment, payable within one year, but based on his financial profile, the Court imposed no fine.  The Court ordered Silva-Sanchez to serve a period of two years of supervised release

following his release from prison.  Casaca-Santos was sentenced to 33 months imprisonment on each of Counts 1 and 2 to run concurrently.  The Court recommended that Casaca-Santos be housed as close to Bakersfield, California, as possible.  He was ordered to pay a $200 special assessment, due within 18 months, but based on his financial profile, the Court imposed no fine.  The Court ordered Casaca-Santos to serve a period of two years of supervised release following his release from prison on each of Counts 1 and 2 to run concurrently.  The Court advised each Defendant of his appeal rights.  Defendant Silva-Sanchez indicated he wished to appeal, and the Court instructed the Clerk of Court to file a Notice of Appeal on his behalf.

IT IS THEREFORE SO ORDERED.

ENTER:   August 3, 2006.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE